UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SHELMINA BABAI, an individual, | ) | Honorable John C. Coughenour |
| | ) | |
| Plaintiff, | ) | No. 2:12-cv-01518-JCC |
| | ) | |
| v. | ) | AMENDED COMPLAINT |
| | ) | |
| ALLSTATE INSURANCE COMPANY, a | ) | |
| foreign insurer, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Shelmina Babai, for her Amended Complaint against Defendant Allstate Insurance Company, alleges as follows:

## I. PARTIES AND THE ALLSTATE POLICY

1. <u>Plaintiff</u>.  Plaintiff is a resident of Bellevue, King County, Washington and an insured under the Allstate Policy specified below.

2. <u>Defendant</u>.  Upon information and belief, Defendant Allstate Insurance Company ("Allstate") is an authorized foreign insurer doing business in Washington with its registered address at Allstate Plaza North E-5 in Northbrook, Illinois 60062.

3. <u>The Allstate Policy</u>.  On or about October 1, 2011, Allstate issued a Homeowner's Policy of insurance to Plaintiff, Policy No. 9 64 623599, (the "Allstate Policy").

AMENDED COMPLAINT - 1
Case No. 2:12-cv-01518-JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51248522.2

## II.  JURISDICTION AND VENUE

4.    Subject Matter Jurisdiction.  The King County Superior Court had subject matter jurisdiction over this action pursuant to, among other things, RCW 7.24.010 and .030 and .110 because this action presents a justiciable controversy concerning Allstate's obligations under the Allstate Policy.  This is an actual and existing dispute within the meaning of Chapter 7.24 RCW, between parties with genuine and opposing interests which are direct and substantial, a judicial determination of which will be final and conclusive.

5.    Personal Jurisdiction.  This King County Superior Court had personal jurisdiction over Allstate pursuant to, among other things, RCW 48.05.200 because Allstate, as an authorized foreign insurer selling insurance in King County, Washington, has legally granted the Washington Insurance Commissioner authorization to accept service of process on Allstate's behalf, and in so doing has consented to Washington superior courts' exercise of personal jurisdiction over Allstate.

6.    Venue.  Venue for this action properly lies in the King County Superior Court pursuant to, among other things, RCW 4.12 because the Allstate Policy was issued by Allstate to Plaintiff in King County, Washington.  Furthermore, the causes of action set forth herein arose in King County, Washington, necessitating venue in this Court pursuant to RCW 4.12, and this action is properly brought in the Seattle Division under LCR 82(e)(3)(A) because Plaintiff resides in Bellevue, King County, Washington.

7.    Notice of Removal.  On September 9, 2012, Allstate filed a Notice Of Removal which removed this case from the King County Superior Court to this United States District Court for the Western District of Washington.

## III.  BACKGROUND

8.    On or about October 1, 2011, Allstate issued the Allstate Policy to Plaintiff.

9.    The Allstate Policy is an "all risk" property policy that provides coverage for "sudden and accidental direct physical loss to property".

AMENDED COMPLAINT - 2
Case No. 2:12-cv-01518-JCC

10.     Accordingly, the Allstate Policy provides coverage for all "sudden and accidental direct physical loss to property" unless that direct physical loss is specifically excluded under the Allstate Policy.

11.     The Plaintiff's property is located at 5511 154th Avenue SW in Bellevue, Washington 98006 ("Plaintiff's Property") and insured under the Allstate Policy.

12.     On or about January 26, 2012, Plaintiff submitted a claim for coverage under the Allstate Policy for direct physical loss to Plaintiff's Property ("Plaintiff's Insurance Claim").

13.     The direct physical loss subject of Plaintiff's Insurance Claim includes, without limitation, water damage throughout Plaintiff's Property, e.g., drywall, base molding, deck structures, insulation and carpeting.

14.     On February 1, 2012, Allstate denied Plaintiff's Insurance Claim.

15.     In denying Plaintiff's Insurance Claim, Allstate relied upon the following policy language:

---

Losses We Cover Under Coverages A and B:

We will sudden and accidental direct physical loss to property described in Coverage A Dwelling Protection and Coverage B-Other Structures Protection excepted as limited in this policy.

---

Losses We Do Not Coverage Under Coverage A and Coverage B:
We do not cover loss to the property described in Coverage A Dwelling Protection and Coverage B-Other Structures Protection caused by or resulting from any of the following excluded events as described in 1 through 22 below.  Loss will be considered to have been caused by an excluded event if that event:
a)  directly and solely results in loss; or
b) initiates a sequence of events that results in loss, regardless of the nature of any intermediate or final event in that sequence.

14.     a) Wear and tear, aging, marring, scratching, deterioration, inherent vice or latent defect;
         b) rust or other corrosion, mold, wet or dry rot.

---

AMENDED COMPLAINT - 3
Case No. 2:12-cv-01518-JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

16.     Allstate denied coverage on two stated grounds: (a) because the direct physical loss to Plaintiff's Property was not "sudden and accidental"; and (b) because the direct physical loss was caused by "the original design or construction of the support structure."

17.     By letter dated June 12, 2012, however, Plaintiff explained the reasons for which Allstate's denial was without merit and unreasonable under Washington law.

18.     Specifically, Plaintiff explained how "sudden and accidental" does not have a temporal meaning under Washington law; rather, it means "unexpected and unintended."

19.     The direct physical loss subject of Plaintiff's Insurance Claim was neither expected or intended.

20.     Furthermore, Plaintiff explained that the Allstate Policy (unlike many other insurance policies) contains no exclusion for damage caused by "the original design or construction of the support structure."

21.     In the absence of such an exclusion, Allstate has no basis to deny coverage for direct physical loss subject of Plaintiff's Insurance Claim caused by "the original design or construction of the support structure."

22.     After Plaintiff exposed the fatal flaws in Allstate's bases for denying Plaintiff's Insurance Claim, Allstate retained coverage counsel.

23.     In addition, Allstate had an engineer further investigate the direct physical loss to Plaintiff's Property on June 21, 2012.

24.     On June 22, 2012, Allstate inquired into whether Plaintiff had identified the cause of loss, even though Allstate previously took the position that the loss was "caused either by deterioration of the caulking and flashing, which allowed water to penetrate, or problems associated with the original design or construction of the support structure."

25.     Plaintiff advised that she did not know the cause of the loss.

26.     On July 19, 2012, Allstate made the exact same inquiry made on June 22, 2012.

AMENDED COMPLAINT - 4
Case No. 2:12-cv-01518-JCC

27.     But Allstate failed to conduct any further investigation of Plaintiff's Insurance Claim between June 22, 2012 and July 19, 2012.

28.     Allstate has not inspected Plaintiff's Property to assess the nature and/or cause of the direct physical loss to Plaintiff's Property since June 21, 2012.

29.     Allstate has not requested any new information from Plaintiff since June 21, 2012, and instead repeatedly reasserts its request that Plaintiff identify the cause of the direct physical loss.

30.     Notably, the cause of the direct physical loss has no bearing on the coverage grant in the Allstate Policy; the cause of direct physical loss only has bearing on the exclusions in the Allstate Policy.

31.     By letter dated August 1, 2012, Allstate denied Plaintiff's Insurance Claim on a new ground: the Washington Supreme Court's *Sprague* decision.

32.     But Allstate's reliance on *Sprague* to deny Plaintiff's Insurance Claim is misplaced for several reasons, and Allstate's August 1, 2012 letter notably makes no reference to Allstate's original bases for denying Plaintiff's Insurance Claim.

33.     In order to obtain the benefits to which she is entitled, therefore, Allstate has forced Plaintiff to file this action.

## IV.  **DECLARATORY JUDGMENT**

34.     Reincorporation.  To the extent not inconsistent with this first cause of action, Plaintiff realleges the preceding paragraphs as if fully set forth herein.

35.     The Allstate Policy and applicable insurance law entitle Plaintiff to a declaratory judgment that Plaintiff is entitled to coverage for Plaintiff's Insurance Claim under the Allstate Policy and that Allstate is liable for all costs to repair the direct physical loss subject of Plaintiff's Insurance Claim.

///

///

AMENDED COMPLAINT - 5
Case No. 2:12-cv-01518-JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

## V.  BREACH OF CONTRACT

36.     Reincorporation. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

37.     Allstate has a contractual obligation to provide insurance coverage consistent with the terms and conditions set forth in the Allstate Policy.  Allstate has failed to comply with its obligations under the Allstate Policy.

38.     Plaintiff is entitled to recover damages from Allstate for amounts properly owed under the Allstate Policy, including but not limited to the costs to repair the property damage subject of Plaintiff's Insurance Claim, including but not limited to the water damage to drywall, base molding, deck structures, insulation and carpeting.

39.     Plaintiff is also entitled to recover from Allstate attorneys' fees and expenses pursuant to the full extent allowed by law (e.g., pursuant to *Olympic Steamship*).

## VI.  BAD FAITH & INSURANCE FAIR CONDUCT ACT VIOLATIONS

40.     Reincorporation.  Plaintiff realleges the preceding paragraphs as if fully set forth herein.

41.     The Insurance Fair Conduct Act, RCW § 48.30.015, as codified in the statutes and regulations of the State of Washington, imposes certain obligations upon insurers, including Allstate.

42.     Allstate has committed bad faith and violated various provisions of the Insurance Fair Conduct Act.

43.     By letter dated August 31, 2012, Plaintiff notified the Washington Insurance Commissioner of Allstate's coverage denial and violations of the Insurance Fair Conduct Act.

## VII.  CONSUMER PROTECTION ACT

44.     Reincorporation.  Plaintiff realleges the preceding paragraphs as if fully set forth herein.

AMENDED COMPLAINT - 6
Case No. 2:12-cv-01518-JCC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

45.     Allstate's issuance of insurance and handling of insurance claims constitute trade or commerce that impacts the public interest.

46.     Allstate has committed unfair and deceptive acts and practices as set forth above.

47.     Allstate's actions and/or inactions constitute violations of Chapter 19.86 RCW.

48.     Plaintiff has suffered damages as a direct and proximate result of Allstate's unfair and deceptive acts and practices.

## V.  **PRAYER FOR RELIEF**

Plaintiff requests the following relief from this Court:

1. A declaration that Plaintiff is entitled to insurance coverage under the Allstate Policy for the direct physical loss subject of Plaintiff's Insurance Claim and that Allstate is liable for all costs to repair the direct physical loss subject of Plaintiff's Insurance Claim, including but not limited to the water damage to drywall, base molding, deck structures, insulation and carpeting.

2. A judgment in favor of Plaintiff for any and all costs associated with Plaintiff's Insurance Claim, in an amount to be proven at hearing or trial, including but not limited to the costs to repair the water damage to drywall, base molding, deck structures, insulation and carpeting.

3. A declaration that Allstate has acted in bad faith;

4. A declaration that Allstate has violated Washington's Insurance Fair Conduct Act;

5. A declaration that Allstate has violated Washington's Consumer Protection Act;

6. The trebling of Plaintiff's recoverable damages pursuant to Washington's Insurance Fair Conduct Act and Washington's Consumer Protection Act, and judgment against Allstate for that trebled amount;

7. A judgment in favor of Plaintiff for attorneys' fees and expenses to the full extent allowed by law (e.g., pursuant to *Olympic Steamship*, Washington's Insurance Fair Conduct Act and Washington's Consumer Protection Act);

AMENDED COMPLAINT - 7
Case No. 2:12-cv-01518-JCC

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

8.  Prejudgment and post-judgment interest on the above amounts to the full extent allowed by law;

9.  Permission to amend this Complaint to conform to proof obtained through discovery and trial; and

10. Such other relief as this Court deems just and equitable.

DATED: December 7, 2012.

FOSTER PEPPER PLLC


*s/ Jason R. Donovan*
Jason R. Donovan, WSBA No. 40994
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101
Telephone:  206-447-4400
Facsimile:  206-447-9700
Email:  donoj@foster.com
Attorneys for Plaintiff

AMENDED COMPLAINT - 8
Case No. 2:12-cv-01518-JCC

51248522.2

1

**CERTIFICATE OF SERVICE**

2      The undersigned certifies that on December 7, 2012, I electronically filed the foregoing

3  with the Clerk of the Court using the CM/ECF system which will send notification of such filing

4  to the following parties:

5  _Attorneys for Defendant_
   Rick J. Wathen, WSBA No. 25539
6  Jennifer P. Dinning, WSBA No. 38236
   Cole, Wathen, Leid & Hall, P.C.
7  1000 Second Avenue, Suite 1300
   Seattle, WA  98104
8  Telephone: (206) 622-0494
   Facsimile: (206) 587-2476
9  Email: rwathen@cwlhlaw.com
   jdinning@cwlhlaw.com
10

11      DATED: December 7, 2012.

12                                          _s/ Jason R. Donovan_
                                            Jason R. Donovan, WSBA No. 40994
13                                          Foster Pepper PLLC
                                            1111 Third Avenue, Suite 3400
14                                          Seattle, WA 98101
                                            Telephone:  206-447-4400
15                                          Facsimile:  206-447-9700
                                            Email:  donoj@foster.com
16                                          Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

AMENDED COMPLAINT - 9
Case No. 2:12-cv-01518-JCC

51248522.2