THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELMINA BABAI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO. C12-1518-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to amend answer, continue trial, and reopen discovery (Dkt. No. 70). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.    BACKGROUND**

The background of this case has been set forth in detail in previous orders, and the Court does not repeat it here. (Dkt. Nos. 50, 52, 59.) However, because there appears to be some confusion about issues that this Court has already decided, the Court reiterates that it has already determined that Plaintiff's experts—who were disclosed before the 90-day deadline that Defendant discussed modifying in emails with Plaintiff and that was never modified—were not "late disclosed." (Dkt. Nos. 50 at 3, 52 at 3, 59 at 3–4.) *See* Fed. R. Civ. P. 26(a)(2)(D) ("*Time to Disclose Expert Testimony. . . .* Absent a stipulation or a court order, the disclosures must be

1  made . . . at least 90 days before the date set for trial."). This Court has already noted that
2  Allstate has "avoid[ed] confronting the issue that they knew the expert deadline was 90 days
3  before trial and had considered stipulat[ing] to an earlier deadline." (Dkt. No. 59 at 4.)

4       Allstate also suggests: "This Court granted Allstate leave to depose Plaintiff's late
5  disclosed experts and select its own rebuttal experts, due to the prejudice to Allstate caused by
6  Plaintiff's failure to identify experts prior to the discovery cutoff. DKT 59. Plaintiff's attempt to
7  exclude Defendant's experts ignors [sic] the Court's Order – DKT 59.. [sic]" (Dkt. No. 81 at 5.)
8  Allstate misrepresents this Court's reasoning. In that order, the Court listed various omissions on
9  Allstate's part that would justify preventing Allstate from deposing Plaintiff's experts. (Dkt. No.
10 59 at 4.) Nowhere did the Court mention prejudice to Allstate, because Allstate on multiple
11 occasions could have taken steps to resolve any disadvantage it felt it had suffered. The Court's
12 conclusion—"[e]ven so, the Court recognizes the value of allowing the issues in this case to be
13 fully litigated."—was made in spite of Allstate's actions, not because of prejudice to Allstate.[1]
14 (Dkt. No. 59 at 4.)

15 **II.    DISCUSSION**
16     **A.    Motion to Amend**
17      The court should grant leave to amend freely "when justice so requires." Fed. R. Civ. P.
18 15(a)(2). But leave may be denied if there is evidence of "undue delay, bad faith, or dilatory
19 motive on [the] part of the movant . . . undue prejudice to the opposing party . . ., [or] futility of
20 amendment." *Washington State Republican Party v. Washington State*, 676 F.3d 784, 797 (9th
21 Cir. 2012).

---

23     [1] In a similar vein, Allstate's suggestion that time constraints necessitated the
24 rescheduling is misplaced. (Dkt. No. 81 at 4 ("As the Court ruled, a Trial [sic] date of May 5 is not realistic for this matter.").) The Court concluded that proceeding to trial without resolving the
25 outstanding legal issues would not serve the interests of judicial economy. (Dkt. No. 78.) The decision was made without considering Allstate's failure to comply with the Court's explicit
26 directive that Allstate act with expediency "in order to ensure sufficient time that trial can proceed on May 5." (Dkt. No. 59 at 4.)

ORDER
PAGE - 2

Allstate filed this motion to amend 25 days before the scheduled trial. (Dkt. No. 70.) The entirety of the argument for allowing amendment is: "An addition of defenses is based on information and opinions of Plaintiff's experts, which have been known to Plaintiff for a significant period of time. Plaintiff was aware of the factual basis of additional defenses, and is not prejudiced by their addition to Defendant's Answer at this time." (Dkt. No. 70 at 3.)

Even ignoring the fact that Allstate's proposed amended answer does not respond to the operative complaint, the Court concludes that amendment is unjustified because there is evidence of undue delay, possible bad faith, undue prejudice, and some degree of futility. As this Court has previously recognized, Defendant never sought to continue any deadlines, including the expert-disclosure deadline or the rebuttal-expert deadline, and the Court's order allowing Plaintiff to name a rebuttal expert was specifically conditioned on Plaintiff moving expediently in order to maintain the trial schedule. (Dkt. No. 59 at 4.) Allstate's last-minute attempt to amend its answer is unduly belated.

Amendment would also prejudice Plaintiff. At this late stage, further delay and shifts in legal arguments are monetarily and temporally expensive propositions—undesirable from all perspectives and particularly difficult for individual litigants. Although there is no suggestion of malicious intent, the conduct of the litigation to date suggests a degree of negligence that must be deemed to approach something like bad faith. Even Allstate's specific requests in this motion are questionable. For example, although Allstate's request is purportedly based on new information gleaned from the depositions, Allstate seeks to include the affirmative defense that the damage did not occur within the policy period. (Dkt. No. 70, Ex. 1 at 7.) The Court sees no basis for this defense in the lengthy deposition excerpts provided in Allstate's brief. (Dkt. No. 70 at 4–7.) Allstate notes that one expert testified that some water damage may have been occurring as early as 1991, but the Court does not see how this suggests that no damage occurred during the policy period. (Dkt. No. 81 at 3.) The lack of evidentiary support also suggests that at least some of Allstate's proposed defenses will undoubtedly be futile absent restarting the discovery process,

which, as described below, the Court declines to do.

All the relevant factors therefore suggest, to one degree or another, that Allstate should not be allowed to amend its answer. The Court therefore DENIES the motion to amend.

### B. Continuing Trial and Reopening Discovery

The Court *sua sponte* delayed trial in the interest of judicial economy in order to allow for briefing on the outstanding legal issues. (Dkt. No. 78.) Allstate's request for "additional time to allow experts to digest the information provided Plaintiffs [sic] experts" is therefore moot because there has been considerable such time. The only issue is whether to reopen the discovery period. Allstate contends that good cause exists to reopen discovery because their depositions of Plaintiff's experts revealed a "dramatic shift in Plaintiff's characterization of the loss and her asserted damages," and that this shift "on the eve of trial presents cause for re-opening discovery." (Dkt. No. 70 at 7.) Allstate contends that Plaintiff's allegation that she suffered a "sudden and accidental" loss is "in direct opposition to" the expert testimony that defects were open and obvious without invasive testing.[2] (Dkt. No. 70 at 4; Dkt. No. 81 at 6 ("Plaintiffs' experts testify that both the cause of loss and the loss were not sudden and accidental.").) Plaintiff responds with legal argument about the definition of "sudden and accidental" and contends that the expert testimony supports her claims. (Dkt. No. 79 at 11–13.)

In other words, the motion to reopen discovery appears to have devolved into a legal argument about whether Plaintiff's loss was "sudden and accidental." This is precisely the question on which the Court is requiring additional briefing. If Allstate is correct that the expert testimony demonstrates that the damage was not "sudden and accidental," then its briefing on the subject will be easy. It does not, however, provide "good cause" for reopening discovery and

---

[2] Allstate also suggests that it has "now learned that the alleged damage to Ms. Babia's [sic] property was caused by expected fain fall interacting with defective construction." (Dkt. No. 70 at 2.) The original complaint described water damage and contended inter alia that the policy had no exclusion for damage caused by the original design and construction. (Dkt. No. 1, Ex. A ¶ 19.)

ORDER
PAGE - 4

delaying the case schedule for many more months.

Allstate does not identify the discovery it seeks and provides no explanation for why it did not complete that discovery during the discovery period. As far as the Court can tell, Allstate is simply seeking to restart the case. However, "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." W.D. Wash. Local Civ. R. 16(b)(4). The Court can discern no basis for thinking that the deposition testimony has dramatically changed the shape of this litigation. The request to reopen discovery is DENIED.

### C.  Briefing

Pursuant to Federal Rule of Civil Procedure 56(f)(1), this Court "[a]fter giving notice and a reasonable time to respond may . . . grant summary judgment for a nonmovant." Pursuant to this authority and the Court's inherent interest in judicial economy, the Court DIRECTS both parties to submit additional briefing on whether, at this point in litigation, summary judgment is appropriate on the following issues:

> (1) Whether the loss was a "sudden and accidental direct physical loss."
> (2) Whether the loss was caused by an "inherent vice" or "latent defect."

Both parties should submit a brief not to exceed fifteen pages on these issues by August 22, 2014. The parties should submit responsive briefs not to exceed eight pages by August 29, 2014.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend answer and reopen discovery (Dkt. No. 70) is DENIED. Additional briefing should be submitted as described above.

//
//
//
//

ORDER
PAGE - 5

1  DATED this 29th day of July 2014.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6